## GAGE v. UNITED STATES ATTY. et al.

### No. 1107.

District Court, M. D. Pennsylvania.

June 23, 1944.

———◆———

Peter P. Jurchak, of Wilkes-Barre, Pa., for plaintiff.

Frederick V. Pollmer, U. S. Atty., of Scranton, Pa., for defendant.

WATSON, District Judge.

This suit was brought by C. B. Gage against the United States Attorney, Middle District of Pennsylvania, and Charles W. Leach, Custodian Procurement Division, Treasury Department.

In the complaint it is alleged, inter alia, that the plaintiff, at the invitation of the Treasury Department through the Procurement Division, submitted in proper form a bid on certain musical instruments offered for sale in the invitation, that the plaintiff's bid of $600 was the highest presented in proper form and that the bid of $900 of the Fred Gretch Manufacturing Company, not being a "sealed" bid, but one submitted by telegram, was improperly recognized as valid.

The complaint contains no statement upon which the court's jurisdiction depends, nor does it contain a demand for judgment for the relief to which the plaintiff deems himself entitled.

The United States Attorney has moved to dismiss the action upon the ground, inter alia, that the complaint has failed to comply with the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure, Rule 8(a), 28 U.S.C.A. following section 723c, provide: "A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new

grounds of jurisdiction to support it, * * * (3) a demand for judgment for the relief to which he deems himself entitled."

It is therefore clear that the plaintiff has failed to comply with the Federal Rules of Civil Procedure, and on that ground the action should be dismissed. Not only does the complaint fail to contain grounds for the court's jurisdiction, but it is obvious that the plaintiff could not comply, even if given further opportunity to do so.

Now, June 23, 1944, this action is dismissed.